**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**BARBARA M. LOFRISCO,**

    **Plaintiff,**

v.                                                      Case No.  8:14-cv-2780-T-30AEP

**SF GLEN OAKS, LLC,**

    **Defendant.**
_____/

## **ORDER**

THIS CAUSE comes before the Court upon Defendant's Motion for Summary Judgment (Dkt. 18) and Plaintiff's Response in Opposition (Dkt. 24).  The Court, having considered the motion, response, record evidence, and being otherwise advised in the premises, concludes that the motion should be denied.

### **RELEVANT FACTS**

In this action, Plaintiff Barbara M. LoFrisco alleges that her employer Defendant SF Glen Oaks, LLC unlawfully terminated her while she was on approved medical leave under the Family Medical Leave Act ("FMLA").  She alleges two causes of action based on this termination: (1) interference under the FMLA and (2) retaliation under the FMLA.  The Court now turns to the relevant facts.[1]

---

[1] These facts are taken in a light most favorable to LoFrisco, the non-movant.

On March 15, 2010, Glen Oaks hired LoFrisco as the Director of Housekeeping. Glen Oaks is a 76-bed facility that offers skilled nursing and long term care services. As the Director of Housekeeping, LoFrisco supervised a team of approximately ten to twelve employees and was responsible for ensuring the laundry was clean, ordering supplies, managing the floor techs, and ensuring that each room at Glen Oaks was thoroughly cleaned.

Glen Oaks' policy under the Family Medical Leave Act ("FMLA") requires, in relevant part, that an employee exercising approved medical leave under the FMLA provide Glen Oaks with a medical certificate from her health care provider indicating that the employee is able, or fit, to return to work. Specifically: "Associates returning from medical leave must provide a physician's verification of their fitness to return to work within two (2) business days of the intended return to work date." (Dkt. 18-4 at ¶E). Glen Oaks' leave policy also states, in relevant part: "If an associate fails to report to work promptly at the end of the medical leave, Gulf Coast Health Care will assume that the associate has abandoned their position (Category 1 Offense); unless they submit their resignation prior to their medical leave ending." *Id.* at ¶M.

LoFrisco took FMLA qualifying leave on two separate occasions during the twelve months that preceded her termination. On January 29, 2013, she received leave from approximately February 21, 2013, through April 1, 2013, in order to have breast cancer surgery. Nearly two months later, on May 28, 2013, LoFrisco was hospitalized for diverticulitis and underwent immediate surgery. According to LoFrisco, she remained hospitalized until June 25, 2013. LoFrisco's granddaughter contacted Roy Daniel Newland,

Glen Oaks' Administrator, and informed him of LoFrisco's hospitalization. Glen Oaks approved LoFrisco for an FMLA medical leave of absence beginning on June 7, 2013. Because LoFrisco had previously taken FMLA leave, her twelve weeks of FMLA leave expired on July 23, 2013.

At some time during this most recent leave, Glen Oaks mailed LoFrisco a letter confirming that her leave exhausted on July 23, 2013, and that "[i]t is anticipated that you will be able to return to work on 7-23-13." (Dkt. 18-8). The letter also notified LoFrisco that "[i]f we do not hear from you within three (3) business days of receipt of this letter, we will consider you've voluntarily resigned." *Id.*

LoFrisco was hospitalized from May 28, 2013, to June 25, 2013. According to LoFrisco, on June 28, 2013, she telephoned Newland and advised him that she would be returning to work on Monday, July 8, 2013. LoFrisco testified that her doctor, Dr. Radhakrishna Rao, provided Glen Oaks with a fitness-for-duty certification. According to LoFrisco, later that same day, on June 28, 2013, Newland called her and informed her that she was terminated. LoFrisco was shocked and did not understand why she was terminated. Two days later, on June 30, 2013, Glen Oaks placed an advertisement in the Tampa Bay Times for a Housekeeping & Laundry Director, which was LoFrisco's position. Newland made the decision to place the advertisement.

Glen Oaks' position in this case is that LoFrisco was terminated effective July 30, 2013, for her failure to respond to its letter requesting that she indicate that she was able to return to work on July 23, 2013, and her failure to provide Glen Oaks with a fitness-for-duty

certification prior to that date.  Glen Oaks now moves for summary judgment on LoFrisco's FMLA claims.  As these pertinent facts manifest, the record is rife with material disputed facts.  As such, Glen Oaks' motion is denied as explained further below.

## SUMMARY JUDGMENT STANDARD OF REVIEW

Motions for summary judgment should be granted only when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The existence of some factual disputes between the litigants will not defeat an otherwise properly supported summary judgment motion; "the requirement is that there be no *genuine* issue of *material* fact."  *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986) (emphasis in original).  The substantive law applicable to the claimed causes of action will identify which facts are material.  *See id.*  Throughout this analysis, the court must examine the evidence in the light most favorable to the non-movant and draw all justifiable inferences in its favor.  *See id.* at 255.

Once a party properly makes a summary judgment motion by demonstrating the absence of a genuine issue of material fact, whether or not accompanied by affidavits, the nonmoving party must go beyond the pleadings through the use of affidavits, depositions, answers to interrogatories and admissions on file, and designate specific facts showing that there is a genuine issue for trial.  *See Celotex,* 477 U.S. at 324.  The evidence must be significantly probative to support the claims.  *See Anderson,* 477 U.S. at 248-49 (1986).

This Court may not decide a genuine factual dispute at the summary judgment stage. *See Fernandez v. Bankers Nat'l Life Ins. Co.,* 906 F.2d 559, 564 (11th Cir. 1990). "[I]f factual issues are present, the Court must deny the motion and proceed to trial." *Warrior Tombigbee Transp. Co. v. M/V Nan Fung,* 695 F.2d 1294, 1296 (11th Cir. 1983). A dispute about a material fact is genuine and summary judgment is inappropriate if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *See Anderson,* 477 U.S. at 248; *Hoffman v. Allied Corp.,* 912 F.2d 1379 (11th Cir. 1990). However, there must exist a conflict in substantial evidence to pose a jury question. *See Verbraeken v. Westinghouse Elec. Corp.*, 881 F.2d 1041, 1045 (11th Cir. 1989).

## DISCUSSION

The FMLA entitles an eligible employee to take twelve workweeks of leave during any twelve-month period because of a "serious health condition that makes the employee unable to perform the functions of the position of such employee." *See* 29 U.S.C. § 2612(a)(1)(D). In addition to taking twelve weeks of leave at once, an employee may take intermittent leave in separate blocks of time because of a single qualifying medical reason. *See* 29 C.F.R. § 825.202(a). To preserve these rights to take leave, the FMLA creates two types of claims: interference claims, in which an employee alleges that her employer denied her a benefit guaranteed under the Act, *see* 29 U.S.C. § 2615(a)(1), and retaliation claims, in which an employee asserts that her employer discriminated against her because she engaged in activity protected by the Act, *see* 29 U.S.C. § 2615(a)(2).

Interference and retaliation claims have different standards of proof. To state an interference claim, a plaintiff must demonstrate that she was entitled to a benefit under the FMLA and the employer denied her the benefit. *See Strickland v. Water Works & Sewer Bd. of the City of Birmingham,* 239 F.3d 1199, 1206-07 (11th Cir. 2001). The employer's motives are irrelevant. *See id.* at 1208. In contrast, to succeed on a retaliation claim, a plaintiff must show that the employer acted with discriminatory or retaliatory animus when the plaintiff was discharged. *See id.* at 1207.

## I. LoFrisco's Interference Claim

Glen Oaks contends that the undisputed facts demonstrate that it did not interfere with LoFrisco's FMLA rights. The Court disagrees. As Glen Oaks even acknowledges, under the FMLA, an employee is entitled to be restored to her position of employment or an equivalent position upon her return. This is referred to as a right to reinstatement. *See Martin v. Brevard Cnty. Public Schs.*, 543 F.3d 1261, 1267 (11th Cir. 2008) (discussing same). But Glen Oaks argues that it did not interfere with LoFrisco's right to reinstatement because it terminated her *after* she failed to provide the fitness-for-duty certification and failed to return to work at the expiration of her FMLA leave. These facts are heavily disputed in the record.

According to LoFrisco, Glen Oaks terminated her on June 28, 2013. As such, she was never provided the opportunity to return to work. LoFrisco also states that her doctor provided the fitness-for-duty certification to Glen Oaks. Notably, if you believe LoFrisco's version of what occurred, the fitness-for-duty certification was not even required as of June

28, 2013, when she claims she was terminated, because, under Glen Oaks' policy, the certification was not due until two business days of the intended return to work date.

Glen Oaks also argues that LoFrisco's medical records indicate that she was unable to return to work at the expiration of her FMLA leave. Specifically, LoFrisco's medical records reflect that she was hospitalized at Largo Medical Center on July 22, 2013, until July 30, 2013. The record is disputed on this issue as well. LoFrisco testified that she was fit to return to work on July 8, 2013, which is when she planned to return to work. Her medical records also indicate that, prior to her hospitalization on July 22, 2013, LoFrisco was "in her usual state of health . . ." (Dkt. 18-12). Thus, Glen Oaks' argument on this issue fails because the jury could find that LoFrisco was fit to work on July 8, 2013.

In sum, there are genuine issues of material fact with respect to LoFrisco's interference claim. A jury could believe LoFrisco's version of events: that she informed Newland on June 28, 2013, that she was fit to return to work on July 8, 2013 (prior to the expiration of her leave under the FMLA); Newland informed LoFrisco that she was terminated; and, two days later, Newland advertised LoFrisco's position in the paper. Therefore, summary judgment on this claim is improper.

## II. LoFrisco's FMLA Retaliation Claim

Glen Oaks relies on the same disputed facts to assert that it is entitled to summary judgment on LoFrisco's FMLA retaliation claim. LoFrisco argues that it had a legitimate, non-discriminatory reason for LoFrisco's termination because she did not return to work at the expiration of her FMLA leave and she did not complete the fitness-for-duty certification.

These arguments fail for the same reasons that the Court discussed under the interference claim, even under the burden-shifting framework established in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973), which is applied in evaluating FMLA retaliation claims.

Specifically, to state a claim of FMLA retaliation, an employee must first establish a prima facie case of retaliatory discharge.  An employee must show that: (1) she engaged in statutorily protected conduct; (2) she suffered an adverse employment action; and (3) there is a causal connection between the protected conduct and the adverse employment action. *See Strickland,* 239 F.3d at 1207.  Once an employee establishes a prima facie case, the burden of production shifts to the employer "to articulate a legitimate reason for the adverse action." *Hurlbert v. St. Mary's Health Care Sys., Inc.,* 439 F.3d 1286, 1297 (11th Cir. 2006).

If the employer does so, the employee must then show that the employer's proffered reason was pretextual by presenting evidence "sufficient to permit a reasonable fact finder to conclude that the reasons given by the employer were not the real reasons for the adverse employment decision." *Id.* at 1298 (quoting *Chapman v. AI Transp.,* 229 F.3d 1012, 1024 (11th Cir. 2000)).  To show pretext, the employee may rely on evidence that he already produced to establish his prima facie case. *See Brevard Cnty. Pub. Schs.,* 543 F.3d at 1268.

The record taken in a light most favorable to LoFrisco reflects a prima facie case: Glen Oaks terminated LoFrisco while she was still exercising her approved leave under the FMLA and immediately after LoFrisco informed Glen Oaks that she would be returning to work prior to the expiration of that leave.  Glen Oaks' nondiscriminatory reason, that it terminated LoFrisco for failing to return after the expiration of the leave and failing to

provide the fitness-for-duty certification, is disputed in the record as explained in more detail under the interference claim. As such, the Court cannot decide these issues as a matter of law and summary judgment on this claim is improper.

It is therefore ORDERED AND ADJUDGED that Defendant's Motion for Summary Judgment (Dkt. 18) is denied.

**DONE** and **ORDERED** in Tampa, Florida on October 6, 2015.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2014\14-cv-2780.msj-18-FMLA-deny.frm